IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ultra Form Mgf. (2021) Inc, et al., | Case No. 3:24 CV 1922 |
| Plaintiffs, | TRIAL ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Dana Limited, | |
| Defendant. | |

Zoom Status Conference held on September 1, 2026. Counsel present: David Yeagley and Ian Robertson for Plaintiffs; Rod Cooper and Franceska Surnick for Defendant.

This case is scheduled for a jury trial beginning on **Monday, March 22, 2027, at 9:30 AM** in Courtroom 1A, United States Courthouse, 1716 Spielbusch, Toledo, Ohio. Counsel may call Chambers (419-213-5679 or 419-213-5675) concerning trial protocol or procedures.

If this case settles within four (4) weeks of trial, $5,000 will be assessed against the parties absent a showing of good cause. This represents the time and cost of summoning and preparing for a jury, including the preparation and mailing of juror questionnaires for voir dire, as well as potential juror inconvenience.

## VOIR DIRE

1. A proposed Juror Questionnaire for mailing to the jury pool in advance of trial will be shared with counsel. Counsel shall provide this Court with suggested edits or additional proposed questions for the in-court voir dire by **Friday, January 22, 2027**. This Court will conduct the initial courtroom examination of the jury, and will allow counsel brief follow-up examination of individual members of the venire.

2. Counsel should review the District Court website for Judge Zouhary's standard voir dire questions and boilerplate jury charge: https://www.ohnd.uscourts.gov/content/judge-jack-zouhary.

## *DAUBERT* MOTIONS

2. *Daubert* motions, to exclude or limit expert testimony or lay opinion, shall be filed by **Monday, January 25, 2027**; responses due by **Monday, February 1, 2027**. No replies unless requested by this Court. If more than one motion is made, all motions shall be filed in a single document (10-page limit). Motions will be ruled on in advance of trial. Counsel **must** meet and confer prior to filing such motions.

## MOTIONS IN LIMINE

3. Motions in Limine shall be filed by **Monday, February 8, 2027**; responses due by **Monday, February 15, 2027.** No replies unless requested by this Court. If more than one motion is made, all motions shall be filed in a single document (10-page limit). Motions will be ruled on in advance of trial. Counsel **must** meet and confer prior to filing such motions.

## JOINT STATEMENT OF THE CASE AND WITNESS LIST

4. Counsel shall consult with each other and submit by **Monday, February 22, 2027,** a proposed **Joint** Statement of the Case (to be read to the jury at the beginning of the trial) which should include a brief statement of the facts, stipulations, and contested issues. The Joint Statement may note any disagreements and offer alternate language as appropriate.

5. Counsel shall also submit by **Monday, February 22, 2027,** a **Joint** List of Proposed Witnesses along with a brief discussion of any evidentiary issues likely to arise with respect to admissible testimony (*e.g.*, hearsay).

### JURY INSTRUCTIONS

6. Counsel shall consult with each other and file **joint** proposed Jury Instructions Before Closing Arguments by **Monday, March 1, 2027,** noting those areas where the parties disagree and offering alternate language with supporting legal authority as appropriate.

### DEPOSITION TESTIMONY

7. Parties are specifically directed to comply with the provisions of Local Rule 32.1. Counsel shall confer to determine which testimony will be offered by deposition (including videotape deposition), agree on the designation of those portions of the depositions to be offered into evidence, and also identify any objections. Counsel shall file a proposed order listing the page(s) and line(s) for each designation objection. Designations and counter-designations shall be marked in a full copy of the deposition transcript (not the condensed Min-U-Script format), with designations and counter-designations highlighted in different colors. Plaintiff's initial designations/counter-designations shall be highlighted or blocked in light yellow; Defendants' initial designations/counter-designations shall be highlighted or blocked in light green. Objections shall be highlighted or blocked in light red. Counsel shall note objections in the margins of the transcript, including the basis and legal support for any objections, and the offering party's responses to any objections. See attached sample proposed order and corresponding transcript.

8. Counsel shall file a complete written transcript of each deposition to be used at trial, including the designations and objections described above, by **Monday, March 1, 2027,** and shall provide a hard copy, with ECF header, to Chambers. Objections will be ruled on in advance of trial. If a complete written transcript has already been filed, counsel need not file a duplicate copy, and may instead file only the relevant pages containing designations and objections.

## EXHIBITS

9. Counsel shall exchange exhibits with each other, and provide Chambers with two complete sets to be used at trial -- one for the Bench and one for the witness stand -- along with a Joint Exhibit List by **Friday, March 12, 2027.** Counsel shall also provide Chambers with a flash drive containing all properly labeled exhibits corresponding with the "List of Exhibits." *See* JERS Order. Counsel shall submit the JERS flash drive by **Friday, March 12, 2027.** Do **not** file exhibits with the Clerk of Court.

10. Exhibits must be marked before trial with numbers, irrespective of which party is producing the exhibit. No duplicates are allowed. Sequence of numbers is not important. Counsel shall **not** label exhibits as "Plaintiff's" Exhibit or "Defendant's" Exhibit, but as "Trial Exhibit."

11. Counsel are responsible for maintaining original trial exhibits, and for filing exhibits needed for appeal purposes.

### NOTICE TO COURT REPORTER

12. In order to facilitate the creation of an accurate Realtime record, counsel shall provide a "Notice to Court Reporter" by **Friday, March 12, 2027,** containing:

- Proper names, including those of witnesses;
- Acronyms;
- Geographic locations;
- Technical (*e.g.*, medical) terms, names, or jargon.

The "Notice to Court Reporter" need **not** be filed but shall be provided in person or via e-mail to Zouhary_Chambers@ohnd.uscourts.gov.

### COURTROOM ELECTRONICS

13. Well in advance of trial, counsel should be trained and familiar with the electronic presentation of evidence and the use of courtroom equipment. Counsel may contact Chambers to schedule an **in-person** appointment. Training virtually or training in person just before or during trial is **not** permitted.

14. It is essential that counsel utilize the courtroom electronics to educate the jury about the case. This Court strongly recommends that you not only use the electronics, but that you know how to use them. For example, jurors have complained that lawyers will utilize a PowerPoint, but that it is not readable from the jury box. You should test your presentations. If the jury can't see it (or hear it), it is of little use.

IT IS SO ORDERED.

*s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 2, 2026